UNITED STATES OF AMERICA
Eastern DISTRICT OF Tennessee
District DIVISION

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA § | JAN 31 2017 |
| Plaintiff(s) § | Clerk, U.S. District Court |
| VS. Rachel Mathews § | Eastern District of Tennessee |
| § | At Chattanooga |
| § CRIMINAL NO. 26360-058 | |
| Defendant(s) § | |

1:11-cr-37

## MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED

NOW COMES, Defendant Rachel Mathews Respectfully Moving Said Court in the Eastern District of TN with a MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED, Requesting the Judge of Said Court grant Two days Credit for one day Served.

### INTRODCUTION

The Defendant being incarcerated an estimated 365 days at the Silverdale Facility which is a contract agency operated by GEO Correctional and Detentions, located at Chattanooga, TN. Is Considered under the Constitutional rights for Prisoners a HARDTIME detention facility, invoking several protections under the 8th Amendment of the United States Constitution.

### SUPPORTING ARGUMENT

There are several factors to consider for this motion that are present at the Detention Facility that can further trigger protections under the 8th Amendment and warrant the two days credit for one day served by a U.S Marshal Detainees at such a Facility.

## Certificate of Service

This is to certify that I have served a true and correct copy of the foregoing:

Motion For Hardship Credit For Hardtime Served

Upon the following addresses, by placing the same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service to:

District Court c/o Judge Mattice
900 Georgia Ave
Room #900
Chattanooga, TN 37402
United States

And deposited it in the postal box provided for inmates on the grounds of the federal Correctional Institution at Tallahassee, Florida, 32301 on this 26th day of January, 2017.


RECEIVED
JAN 26 2017
MAIL ROOM
FCI, TALLAHASSEE, FL

Signature: Rachel Mathews

Register No. 26360058
FCI Tallahassee
501 Capital Circle NE
Tallahassee, Florida 32301

Litigation is deemed FILED at the time it is delivered to prison authorities.
See <u>Houston vs Lack</u>, 487 US 266, 101 L. Ed 2d 245, 108 S.CT. 2379 (1988)

## CONCLUSION

Federal courts will provide relief for deprivation of a prisoner's constitutional right to be free of Cruel and unusual punishment during his or her stay of confinement, when the conditions such as the ones at the Facility become such that a prisoner is deprived of personal hygiene or his or her diet is inadequate, the 8th Amendment is violated. In addition punishment that is imposed for an improper purpose or is disproportionate to the offense can violate a prisoner's 8th Amendment.

## PRAYER

Wherefore Premise considered, the Defendant Rachel Mathews Prays the Honorable Judge of said Court in the Eastern district of Tennessee the MOTION FOR HARDSHIP CREDIT FOR HARDTIME SERVED, and grant Defendant two days credit for one day served for the time jailed at the Silverdale Detention Facility.

Respectfully Submitted,

*Rachel Mathews*
DEFENDANT

1. The Silverdale Detention facility operates a communal segregation Jail with limited liberty interest afforded to the inmates in general population.

2. The access to recreational services are limited to only several hours per week and at times less than an 1 hour per day, at times several days can go by without any recreational time at all making the detention intolerable.

3. Dietary needs of inmates in general population is below federal prison standards and "Meals" can be considered "Gruel" which is tolerable for 1 to 2 days but cruel and unusual under the 8th Amendment beyond that.

4. The lack of Movement, where an inmate who is not in Protective segregation, isolated segregation, administrative segregation or otherwise disciplinary segregation is subjected to the aforementioned treatment creating a condition of disproportionate punishment to an offense.

5. The time an inmate in general population spends in his or her cell can at times be in excess of 22 hours in a single day period which can amount to solitary confinement and a serious and significant deprivation of liberty.

6. Personal Hygiene is significantly degraded at the facility which depends on the inmate population which is transient in nature to maintain the cleanliness of the facility, and common illnesses, which are easily avoidable, can become a problem that the limited medical staff is unable to suppress before the entirety of the inmates in general population is affected.

7. The fact that we have to drink water, wash our hands, and clean our eating utensils out of the same sink that is provided for us, it's also the same instrument that we have to use to relieve ourselves of our bodily waste. Being that we also urinate and defecate out of this instrument I truly believe that is totally unsanitary and asinine to our rights.

8. Poor medical attention that deprives detainees with lack of " personal severe chronic illness" and lack of "quick responsive detailed services". While being incarcerated at the "                    " is most assured to be classified as in institution that should qualify to extend "HARDSHIP TIME CREDIT" because of these certain partially violated rights.

9. Simultaneously we are surrounded by "extreme poor showering conditions", the showering water becomes "uncontrollably cold" and has an low pressure that makes it hard to make a lather with your soap. It's also times that the air condition is either not working or not working properly and makes it intolerable to be "caged" within the confinement of 12-24 males at any given time.